## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN WAYNE HARRIS #292863
                Plaintiff            :

                v.                :   CIVIL ACTION NO.  PJM-07-2226

JAMES MALONE              :
                Defendant

## MEMORANDUM OPINION

Seeking money damages, Plaintiff, presently incarcerated at the Maryland Reception Diagnostic & Classification Center, instituted suit against the public defender who represented him on charges of child sexual assault.  According to the Complaint, Plaintiff pleaded guilty to a reduced charge for a fourth degree sex offense.  His conviction led to the issuance of a parole retake warrant and his present incarceration.  As Plaintiff appears to be indigent, he shall be granted leave to file *in forma pauperis*, without prepayment of filing fees or costs, pursuant to 28 U.S.C. Section 1915(a).

A threshold requirement for filing an action pursuant to 42 U.S.C. § 1983 is that the defendant must be acting "under color of" state law.  A defense attorney, whether privately retained or publicly appointed, is not deemed to be acting under state law and is therefore not amenable to suit under § 1983.  There is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980).  Consequently, a § 1983 cause of action may not rest against Attorney Malone.

Because Plaintiff has failed to state a cognizable civil rights challenge, his case will be dismissed for failure to state a claim.  Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to

dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e) or under F.R.Civ.P. 12(b)(6).[1]

A separate Order shall be entered in accordance with the foregoing.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

September 4, 2007

---

[1] *See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1996*, § 804(d), which amends 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or  appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.